**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

NEWBORN BROS. CO., INC.,      Civil No. 12-2999 (NLH/KMW)

     Plaintiff,

                           **OPINION**

   v.


ALBION ENGINEERING COMPANY,

     Defendant.

---

**APPEARANCES:**

John-Paul Madden, Esquire
Timothy R. Bieg, Esquire
Madden & Madden
108 Kings Highway East, Suite 200
P.O. Box 210
Haddonfield, New Jersey 08033
    *Attorneys for Plaintiff Newborn Bros. Co., Inc.*

Kerri E. Chewning, Esquire
Archer & Greiner, PC
One Centennial Square
P.O. Box 3000
Haddonfield, New Jersey 08033
    *Attorney for Albion Engineering Company*

**HILLMAN, District Judge**

    This matter comes before the Court by way of Plaintiff Newborn Bros. Co., Inc.'s motion [Doc. No. 32] to strike Defendant Albion Engineering Company's affirmative defense of unclean hands pursuant to Federal Rule of Civil Procedure 12(f). Defendant Albion Engineering Company opposes Plaintiff's motion to strike.  The Court has considered the parties' submissions

and decides this matter pursuant to Federal Rule of Civil
Procedure 78.

For the reasons expressed below, Plaintiff's motion to
strike will be denied.

I.    **JURISDICTION**

In this action, Plaintiff asserts a claim for false
advertising and product marking in violation of Section 43(a) of
the Lanham Act, 15 U.S.C. § 1125(a), as well as a New Jersey
state law claim for tortious unfair competition through false
statements and material omissions.  The Court has jurisdiction
over Plaintiff's Lanham Act claim pursuant to 28 U.S.C. § 1331
and 15 U.S.C. § 1121, and may exercise supplemental jurisdiction
over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

II.   **BACKGROUND**

Plaintiff Newborn Bros. Co., Inc. ("Plaintiff" or
"Newborn") is a Virginia corporation with its principal place of
business in Jessup, Maryland which engages "in the business of
importing and distributing dispensing guns [made for the
application of sealants and adhesives] sold under its corporate
name." (Compl. [Doc. No. 1] ¶¶ 2, 37.)  Newborn distributes and
sells a "range of manual bulk, sausage, cartridge and epoxy
dispensing gun models" and numerous "caulking accessories,
including spatulas, mixers, and caulk knives[.]"  (Id. ¶ 38.)
Newborn alleges that Defendant Albion Engineering Company

2

("Defendant" or "Albion") is a New Jersey corporation with its principal place of business in Moorestown, New Jersey which similarly markets its manual dispensing guns and caulking accessories to distributors for ultimate sale to the end consumer.  (Id. ¶ 3, 5.)

     As set forth in the complaint, Newborn brings this action "for false and misleading advertising, product labeling, and product packaging under" Section 43(a) of the Lanham Act and for "unconscionable commercial practice, fraud, misrepresentation, and knowing concealment or omission of material facts in the sale and advertisement of Albion's manual dispensing guns and caulking accessories in violation of New Jersey law."  (Id. ¶ 1.)  Specifically, Newborn asserts that Albion engages in unfair competition by making "false representations of the geographic origin and location of manufacture [for] its manual dispensing guns and caulking accessories[,]" and by intentionally concealing and omitting the true location of manufacture and geographic origin of its goods.  (Id. ¶ 8.)

     According to Newborn, Albion distinguishes its manual dispensing guns and caulking accessories from "Newborn's equivalent and competitive goods based on country of origin, claiming that such Albion products are made in the United States of America or are manufactured or built by Albion in America."  (Id. ¶ 36.)  However, as alleged in the complaint, Albion does

3

not actually manufacture its manual dispensing guns and caulking accessories in the United States, but rather, Albion's merchandise is made in, and imported from, Taiwan.  (See generally id. ¶¶ 28-34.)  The complaint further alleges that "Albion has direct contact with the suppliers of the subject merchandise in Taiwan" such that Albion has knowledge of the "true facts" regarding its products.  (Id. ¶ 81.)  Therefore, Newborn claims, Defendant's "false origin claims, misrepresentations of the manufacturer, and omissions of material fact as to the true geographic origin of its" manual dispensing guns and caulking accessories through Albion's "product marking, container labeling, advertising, and sale, are done knowingly and intentionally."  (Id.)

Newborn further contends that "Albion uses false advertisement and product marking and omits representations and markings of the true geographic origin of its caulking accessories" and manual dispensing guns in order to "mislead its distributers and their customers into believing that Albion's caulking accessories" and manual dispensing guns "are made in America."  (Id. ¶¶ 110, 82.)  According to Newborn's complaint, Albion intentionally misleads distributors and customers for the purpose of securing sales of Albion manual dispensing guns and caulking accessories "to distributors and customers who have a preference for such products that are made in the United

4

States." (Id. ¶ 117.)  Newborn complains, however, that "[b]y
falsely representing the geographic origin of its ... [manual]
dispensing guns and its calking accessories as USA and by
falsely representing itself to be the manufacturer, Albion
competes unfairly with Newborn with the result that Albion's ...
[manual] dispensing guns, ... and its caulking accessories are
substituted in sales that would otherwise be made by Newborn."
(Id. ¶ 118.)  Newborn specifically alleges that as a result, it
"has been and is likely to be damaged by Albion's false and
misleading advertising, product labeling, and product packaging
as to the geographic origin and location of manufacture of its
manual dispensing guns and caulking accessories." (Id. ¶ 7.)

     Newborn filed the complaint in this action on May 18, 2012.
Albion subsequently filed an answer [Doc. No. 17] on July 23,
2012, which expressly stated four affirmative defenses,
including that "Plaintiff was not entitled to any relief because
of unclean hands." (Answer [Doc. No. 17], Aff. Def. ¶ 4.)
Approximately seven months later, in February of 2013, Albion
filed a motion [Doc. No. 25] seeking to amend its answer to
clarifying two responsive paragraphs and to assert an additional
affirmative defense not at issue in the present motion.  The
Honorable Karen M. Williams, United States Magistrate Judge,
granted Albion's motion to amend its answer by Order dated July
11, 2013.  (Order [Doc. No. 30] 10-11, July 11, 2013).  In

accordance with Judge Williams' Order, Albion filed its amended answer [Doc. No. 31] on July 16, 2013.  Twenty-one days later, Newborn filed the instant motion to strike Albion's unclean hands affirmative defense from the amended answer.

## III. <u>DISCUSSION</u>

Pursuant to Federal Rule of Civil Procedure 12(f), Newborn seeks to strike the affirmative defense of unclean hands as stated in Albion's amended answer.  Federal Rule of Civil Procedure 12(f) provides in pertinent part that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  FED. R. CIV. P. 12(f).  The Rule permits the Court to act "on its own" or "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."  FED. R. CIV. P. 12(f)(1)-(2).

Admittedly, "motions to strike 'serve a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues which would not affect the outcome of the case.'"  <u>United States v. Kramer</u>, 757 F. Supp. 397, 410 (D.N.J. 1991) (citation omitted).  However, the Third Circuit has instructed that a district court "should not grant a motion to strike a defense unless the insufficiency of the defense is clearly apparent."  <u>Cipollone v. Liggett Group, Inc.</u>, 789 F.2d 181, 188 (3d Cir.

1986).  In evaluating the adequacy of a defense, courts in this District have explained that "[a]n affirmative defense is insufficient if 'it is not recognized as a defense to the cause of action.'"  F.T.C. v. Hope Now Modifications, LLC, No. 09-1204, 2011 WL 883202, *2 (D.N.J. Mar. 10, 2011) (citing Tonka Corp. v. Rose Art Indus., Inc., 836 F. Supp. 200, 217 (D.N.J. 1993)); see also Signature Bank v. Check-X-Change, LLC, No. 12-2802, 2013 WL 3286154, at *2 (D.N.J. June 27, 2013).

Courts have also observed that "'an affirmative defense can be stricken [on the basis of the pleadings alone] only if the defense asserted could not possibly prevent recovery under any pleaded or inferable set of facts.'"  Hope Now, 2011 WL 883202, at *1 (citing Tonka, 836 F. Supp. at 218).  Importantly, though, "a motion to strike an affirmative defense will not be granted where its sufficiency depends on disputed issues of fact." Signature Bank, 2013 WL 3286154, at *2 (citing Total Containment, Inc. v. Environ Products, Inc., No. 91-7911, 1992 WL 208981, at *1 (E.D. Pa. Aug. 19, 1992)); see also In re Merck & Co., Inc. Vytorin ERISA Litig., No. 08-cv-1974, 2010 WL 2557564, at *2 (D.N.J. June 23, 2010) (citing Glenside West Corp. v. Exxon Co., 761 F. Supp. 1100, 1115 (D.N.J. 1991)).

In deciding the present motion, the Court must also bear in mind that generally, "motions to strike under Rule 12(f) are highly disfavored."  Hope Now, 2011 WL 883202, at *1 (citing

7

Garlanger v. Verbeke, 223 F. Supp. 2d 596, 609 (D.N.J. 2002)
("Because of the drastic nature of the remedy, ... motions to
strike are usually 'viewed with disfavor' and will generally 'be
denied unless the allegations have no possible relation to the
controversy and may cause prejudice to one of the parties, or if
the allegations confuse the issues.'") (citing Tonka, 836 F.
Supp. at 218.)  Motions to strike are viewed unfavorably because
they are frequently brought by "the movant simply as a dilatory
tactic."  Hope Now, 2011 WL 883202, at *1 (citing Waste Mgmt.
Holdings v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001)); see
also 5C Charles Alan Wright & Arthur R. Miller, Federal Practice
and Procedure, § 1381 (3d ed. 2004) (recognizing that "[m]otions
to strike a defense as insufficient are not favored by the
federal courts because of their somewhat dilatory and often
harassing character.")

        However, "'even where the challenged material is redundant,
immaterial, impertinent, or scandalous, a motion to strike
should not be granted unless the presence of the surplusage will
prejudice the adverse party.'"  Hope Now, 2011 WL 883202, at *1
(citing Symbol Techs., Inc. v. Aruba Networks, Inc., 609 F.
Supp. 2d 353, 359 (D. Del. 2009)); see also 5C Charles Alan
Wright & Arthur R. Miller, Federal Practice and Procedure, §
1381 (3d ed. 2004) (explaining that "even when technically
appropriate and well-founded, Rule 12(f) motions often are not

granted in the absence of a showing of prejudice to the moving party.") Finally, the Court's determination on a "motion to strike under Rule 12(f) is discretionary." <u>Hope Now</u>, 2011 WL 883202, at *1; <u>see also</u> <u>Signature Bank</u>, 2013 WL 3286154, at *2 (observing that "'a court possesses considerable discretion in disposing of a motion to strike under Rule 12(f).'") (citing <u>Tonka</u>, 836 F. Supp. at 218).

**IV.  <u>ANALYSIS</u>**

   **A.  Timeliness of Newborn's Motion to Strike**

   At the outset, the Court must address what is properly construed as a timeliness argument by Albion.  Albion argues that the motion to strike should be denied because Newborn "was not diligent in filing its motion." (Br. of Def.'s Albion in Opp'n to Pl. Newborn's Mot. to Strike Albion's Affirmative Defense of Unclean Hands [Doc. No. 33] (hereinafter, "Def.'s Opp'n"), 1-2.) Albion does not argue that the motion was not filed within twenty-one days of service of the amended answer. Rather, Albion contends that Newborn was "aware of Albion's affirmative defense of unclean hands for over a year before filing the ... motion to strike" because the unclean hands defense was pled in the original answer Albion filed on July 23, 2012. (Def.'s Opp'n 1.) Thus, Albion appears to argue that Newborn has only moved to strike the unclean hands defense in the amended answer at this time - over a year after it was

original pled – because substantial discovery has taken place and Albion "has discovered evidence demonstrating that Newborn has engaged in the same improper country-of-origin practices ... allege[d] in [the] Complaint." (Id.)  This significant delay, Albion contends, demonstrates Newborn's lack of diligence in moving to strike the unclean hands defense and warrants denial of the motion.[1]  (Id. at 1-2.)

Newborn counters in its reply brief that Rule 12(f) permits a party to move to strike within twenty-one days of being served with a pleading, and that "[t]his is true even if the plaintiff filed their motion to strike in reply to defendant's Amended Answer."[2]  (Pl. Newborn's Reply Br. Filed Under Seal in further Supp. of Mot. to Strike Affirmative Defense of Unclean Hands [Doc. No. 41] (hereinafter, "Pl.'s Reply"), 10.)  In considering this argument, the Court notes that Newborn's motion was filed on August 6, 2013 – exactly 21 days from the time Albion served its amended answer – on July 16, 2013.  Thus, it appears that

---

[1]   Albion has not cited any case in which a court denied a motion to strike filed within the applicable time period after service of a pleading simply because the affirmative defense the motion sought to strike was also pled in an earlier version of the same pleading.

[2]   Newborn cites SunEarth, Inc. v. Sun Earth Solar Power Co., No. 11-4991, 2012 WL 2326001, at *1-2 (N.D. Cal. June 19, 2012), in support of its contention that the motion to strike is timely filed so long as it is filed within twenty-one days of the amended answer, without respect to when the affirmative defense was initially pled.

Newborn considers its motion to strike as proper because it was filed within 21 days from the time the amended answer was served.  Alternatively, Newborn asks the Court to consider the motion even if was filed beyond the time period set forth in the Rule because the motion has merit and Rule 12(f) permits the Court to consider the sufficiency of a defense at any time. (Id.)

Albion's point is well taken, and the Court agrees, that Newborn could have acted more diligently and filed its motion to strike approximately a year earlier in response to Albion's original answer where the unclean hands defense was originally pled.  Standing alone, however, this lack of diligence by Newborn is insufficient to deny the motion to strike.  In considering the same argument in nearly identical circumstances, the district court in SunEarth, Inc., concluded that a motion to strike was timely because "the operative pleading [an amended answer] was served exactly twenty-one days before Plaintiffs filed their motion to strike."  2012 WL 2326001, at *1-2.  Here, there is no dispute that the motion to strike was filed within the twenty-one day time period set forth in Rule 12(f) from the time the amended answer was served.  Accordingly, the Court similarly concludes that Newborn's motion was properly filed in accordance with the Rule and will be considered timely by the Court in this instance.  In the absence of any authority

demonstrating that Newborn was required to move to strike within twenty-one days from service of the pleading where the challenged affirmative defense was initially pled, the Court will not apply the time limitations of Rule 12(f)(2) in the strict manner that Albion requests here simply because Newborn could have, but did not bring the motion to strike earlier. Such strict application is particularly unwarranted in this case where Newborn's motion was timely filed when considered with respect to date that Albion's amended answer was served.

Moreover, even if the Court were to find that the motion was not timely filed, the Court could still properly consider the merits of the motion because Rule 12(f) permits the Court to act "on its own[,]" and this authority "to strike an insufficient defense on its 'own initiative at any time' has been interpreted to allow the district court to consider untimely motions to strike and to grant them if doing so seems proper." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1380 (3d ed. 2004). The Court's discretion in this regard "is appropriate since in many instances a motion to strike redundant, impertinent, immaterial, or scandalous matter is designed to eliminate allegations from the pleadings that might cause prejudice at some later point in the litigation." Id. Accordingly, "the time limitations set out in Rule 12(f) should not be applied strictly when the motion

to strike seems to have merit."[3]  Id.; see Huertas v. U.S. Dep't
of Educ., No. 08-3959, 2009 WL 2132429, at *1 n.1 (D.N.J. July
13, 2009) (considering untimely motion to strike on the merits
where motion was filed eleven days late); cf. SunEarth, Inc.,
2012 WL 2326001, at *2 (observing that the court could reach the
merits of a motion to strike, even if it was untimely filed,
because Rule 12(f) permitted the court to act "on its own"
without a time restriction and thus the court retained
discretion to consider the arguments raised in the motion sua
sponte).

**B.   Merits of Newborn's Motion to Strike**

As noted supra, Newborn's motion to strike challenges the
sufficiency of Albion's affirmative defense of unclean hands.

---

[3]   Relaxation of the time period set forth in Rule 12(f) is
particularly reasonable because, as Wright and Miller have
observed,

> In the case of a challenge to the sufficiency
> of a defense, whether it is advanced in a
> timely or untimely pre-answer motion under Rule
> 12(f), or is incorporated in the answer, or is
> made in a simultaneous motion to strike,
> probably is of little practical importance.
> This is because Rule 12(h)(2) permits an
> "objection of failure to state a legal defense"
> to be asserted "by motion for judgment on the
> pleadings, or at the trial on the merits,"
> which provides a method for attacking an
> opposing party's pleading even if the time for
> moving to strike under Rule 12(f) has expired.

Id. at § 1380.

The parties therefore devote a substantial portion of their respective briefs to what constitutes the proper pleading standard for an affirmative defense and the corresponding standard for striking an affirmative defense as insufficient. Initially, Newborn asserts that the Conley[4] pleading standard applies to affirmative defenses and entitles a plaintiff to "fair notice" of the grounds for the defense.  (Pl. Newborn's Mem. of Law in Supp. of Mot. to Strike Def. Albion's Affirmative Defense of Unclean Hands [Doc. No. 32-1] (hereinafter, "Pl.'s Mem."), 4.)  However, Newborn further contends that "Rule 12(f) motions are governed by the same standard as a motion to dismiss pursuant to Rule 12(b)(6)[]", which presumably means a

---

[4]    In Conley v. Gibson, the Supreme Court explained that

> the Federal Rules of Civil Procedure do not
> require a claimant to set out in detail the
> facts upon which he bases his claim ... [but
> simply] require ... 'a short and plain statement
> of the claim' that will give the defendant fair
> notice of what the plaintiff's claim is and the
> grounds upon which it rests. ... Such simplified
> 'notice pleading' is made possible by the
> liberal opportunity for discovery and the other
> pretrial procedures established by the Rules to
> disclose more precisely the basis of both claim
> and defense and to define more narrowly the
> disputed facts and issues.

355 U.S. 41, 47-48 (1957), abrogated by, Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

contention that the pleading standards under <u>Twombly</u>[5] and <u>Iqbal</u>[6] apply to affirmative offenses under 8(c).

This view of Newborn's position is reinforced by the fact that despite citing to <u>Conley</u>, Newborn repeatedly argues that Albion has failed to allege any facts in support of its unclean hands defense, and therefore this defense must be struck as insufficient.  (<u>See, e.g.</u>, Pl.'s Mem. 3) ("Albion Alleges No Facts to Support the Unclean Hands Defense); (<u>id.</u> at 5) ("Albion ... failed to state any level of detail required to provide sufficient notice to Newborn.  Rather, Albion alleged only that the '[p]laintiff is not entitled to any relief because of unclean hands.'  Such conclusory allegations are not sufficient to carry the day."); (<u>id.</u> at 7) ("Albion has failed to identify

---

[5]     <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 556 (2007).
[6]     <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1950.  Under the <u>Twombly</u> and <u>Iqbal</u> standard, when deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" <u>Fowler v. UMPC Shadyside</u>, 578 F.3d 203, 211 (3d Cir. 2009). "[A] complaint must do more than allege the plaintiff's entitlement to relief."  <u>Fowler</u>, 578 F.3d at 211; <u>see also</u> <u>Phillips v. Cnty. of Allegheny</u>, 515 F.3d 224, 234 (3d Cir. 2008) ("The Supreme Court's <u>Twombly</u> formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.") (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 556 (2007)).

any set of facts in its Amended Answer, much less legal
authority that is required to meet the high standard for an
unclean hands defense."); (id. at 7) ("Albion's unclean hands
defense is insufficient as a matter of law due to Albion's
failure to allege sufficient facts to provide proper notice to
Newborn and failure to allege any facts that establish the
required close nexus between the offending acts of Albion and
the acts of Newborn.")  Based on these arguments regarding
Albion's purported failure to allege sufficient facts in support
of the unclean hands defense, it appears to the Court that
Newborn – while citing to the Conley pleading standard –
actually seeks to hold Albion to the heightened pleading
standard set forth in Twombly and Iqbal which is the current
standard governing motions to dismiss under 12(b)(6) for failure
to state a claim upon which relief may be granted.[7]

---

[7]     Part of Newborn's argument is the contention that
Fed.R.Civ.P. 9(b) applies to 8(c) affirmative defenses
obligating Albion to assert its unclean hands defense - to the
extent it hinges on a claim of fraud - with particularity.  We
have some sympathy for that argument and would have likely
granted a 9(b) motion (with leave to amend) if this issue had
been raised before discovery.  But to do so now would elevate
form over substance and potentially allow Plaintiff to use 9(b)
as a sword when it was designed to act as a shield against
frivolous or unclear allegations of fraud.  Whatever doubt may
have existed before, it is now clear after discovery in this
matter and this motion practice that Albion contends that
Newborn engages in the same type of fraud that Newborn alleges
Albion engages in - namely the passing off of foreign products
as American-made.  Newborn has more than adequate notice of the
factual basis for this defense and ample opportunity to rebut

16

Albion, however, asserts that courts in the District of New Jersey have held that the Twombly/Iqbal standard does "not apply to affirmative defenses asserted by a party responding to a complaint pursuant to Federal Rule of Civil Procedure 8(c)." (Def.'s Opp'n 10.)  Albion cites multiple cases from this District as well as other districts within the Third Circuit where courts have more recently concluded that the Twombly/Iqbal standard is not applicable to affirmative defenses.  (Id. at 10-12) (citing cases).  Albion essentially contends that an affirmative defense need not be plausible to survive a motion to strike, but rather it must simply provide fair notice of the issue involved.  (Id. at 12) (citing Tyco Fire Products LP v. Victaulic Co., 777 F. Supp. 2d 893, 900 (E.D. Pa. 2011) ("This ... is not an exacting standard even remotely approaching the type of notice required of a claim under Twombly and Iqbal.")).

This Court joins those courts in the District of New Jersey and other district courts within the Third Circuit which have held that the heightened Twombly/Iqbal standard is not applicable to the pleading of affirmative defenses under Rule 8(c) which simply requires that party responding to a pleading

---

it. See Atlantic City Racing Ass'n v. Sonic Fin. Corp., 90 F. Supp. 2d 497, 503-504 (D.N.J. 2000)(denying late filed post-discovery 9(b) motion because of no practical reason to dismiss fraud count where defendants had adequate notice and were not precluded from responding to the allegations).

must "affirmatively state any avoidance or affirmative defense."
FED. R. CIV. P. 8(c); see, e.g., Signature Bank, 2013 WL 3286154,
at *5 (explaining that the court was "persuaded by the decisions
of fellow district courts within the Third Circuit and aligns
with the courts ... which h[o]ld that the Twombly and Iqbal
standards do not apply to the analysis of a 12(f) motion to
strike affirmative defenses" because "the textual analysis ...
in Twombly is specific to a claim for relief under Rule 8(a),
and differs from the textual analysis of an affirmative defense
under Rule 8(c)"); Tyco Fire Products, 777 F. Supp. 2d at 900
(reasoning that "[i]n light of the differences between Rules
8(a) and 8(c) in text and purpose, the Court concludes that
Twombly and Iqbal do not apply to affirmative defenses."); Hope
Now, 2011 WL 883202, at *3 (joining "the two other Districts in
this Circuit that have addressed this issue by holding that the
heightened pleading standard of Twombly and Iqbal does not apply
to affirmative defenses").[8]

Accordingly, the Court will apply the Rule 12(f) standard
as set forth supra.  Under this standard, the Court cannot grant

---

[8]     As these courts have noted, the reasoning in Twombly and
Iqbal turned, at least in part, on the phrase "showing that the
pleader is entitled to relief" found in 8(a)(2).  No such
language, or even remotely similar language, is found in 8(c)(1)
which merely requires an affirmative statement of the defense.
To add a heightened pleading standard to 8(c) would be to re-
write the Rule, something this Court is not empowered to do.

Newborn's motion to strike unless the insufficiency of the unclean hands defense is clearly apparent.  <u>Cipollone</u>, 789 F.2d at 188.  The Court can find this defense is insufficient if it is not recognized as a defense to the cause of action or if the defense could not possibly prevent recovery under any pleaded or inferable set of facts.  <u>Hope Now</u>, 2011 WL 883202, at *1-2.  Moreover, the Court should deny the motion to strike unless the affirmative defense has no possible relation to the controversy and may cause prejudice to one of the parties, or if the defense will confuse the issues.  <u>Garlanger</u>, 223 F. Supp. 2d at 609.

    As the Supreme Court has explained, the unclean hands defense is "a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant." <u>Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.</u>, 324 U.S. 806, 814 (1945).  This defense "does not stand as a defense that may be properly considered independent of the merits of the plaintiff' s claim — such as the defenses of the statute of limitations or the statute of frauds.  Its assertion does not eliminate the need for the court to ascertain the soundness of the plaintiff's claim. ... [and] [T]he court must weigh the substance of the right asserted by plaintiff against the transgression which, it is contended, serves to foreclose that

19

right.  The relative extent of each party's wrong upon the other
and upon the public should be taken into account, and an
equitable balance struck." Republic Molding Corp. v. B. W.
Photo Utils., 319 F.2d 347, 350 (9th Cir. 1963).

　　　To evaluate the sufficiency of Albion's unclean hands
defense, the Court must first determine whether it is a
recognized defense to a cause of action brought under Section
43(a) of the Lanham Act.  With respect to this issue, courts in
this District and the Third Circuit Court of Appeals have
explicitly acknowledged that "[t]he defense of unclean hands is
applicable to all claims brought under the Lanham Act." See
Katiroll, 2011 WL 2294260, at *2 (citing Highmark, Inc. v. UPMC
Health Plan, 276 F.3d 160, 174 (3d Cir. 2001)); see also
Pharmacia Corp. v. GlaxoSmithKline Consumer Healthcare, L.P.,
292 F. Supp. 2d 594, 610 (D.N.J. 2003) (observing that the
"doctrine [of unclean hands] is applicable in Lanham Act
cases.").  Accordingly, the Court cannot conclude that the
insufficiency of Albion's unclean hands defense is "clearly
apparent" on the face of the amended answer because this is a
viable defense to Newborn's Lanham Act claims.  Therefore, in
order for the Court to strike Albion's unclean hands defense
based on the parties' pleadings, the Court must find that this
defense "could not possibly prevent recovery under any pleaded
or inferable set of facts." Hope Now, 2011 WL 883202, at *1.

However, in this case, such a finding is unwarranted because Newborn has failed to demonstrate that the unclean hands defense would not bar Newborn from recovering on its claim for false advertising and product marking under the Lanham Act.

Newborn's complaint essentially seeks relief on the basis that Albion's alleged false advertising and misleading product marking misleads distributors and consumers who prefer products manufactured in the United States to unknowingly purchase Albion's foreign products over Newborn's foreign products which are properly advertised and marked with respect to their geographic country of origin.  As the Court understands it, Albion's unclean hands defense is meant to defeat Newborn's claim that its foreign products are properly advertised and marked to accurately reflect their country of origin.  Albion, in essence, seeks to prove that Newborn cannot recover against Albion for purported false advertising and product marketing which misleads distributors and consumers - on the basis that this conduct constitutes unfair competition - where Newborn is similarly misleading distributors and consumers.[9]

Newborn argues that "[i]t is also impossible for this Court

---

[9]    Nothing in the Court's opinion should be construed as a finding that the unclean hands defense would be successful at trial.  The Court simply finds that at this stage of the litigation this defense is sufficient as set forth in the amended answer and should not be struck at this time.

to infer a set of facts to support the [unclean hands] defense."
(Pl.'s Reply 3.)   However, after careful consideration of the
claims in the complaint, and the essential nature of Albion's
unclean hands defense, the Court is convinced that there does
exist a "set of inferable facts" relevant to the unclean hands
defense that could potentially prevent recovery by Newborn.
Hope Now, 2011 WL 883202, at *1.   Therefore, the Court is unable
to conclude that the affirmative defense of unclean hands "has
no possible relation to the controversy and may cause prejudice"
to Newborn, or that it will confuse the issues in this case.
Garlanger, 223 F. Supp. 2d at 609.   Accordingly, at this time,
the Court cannot dismiss the unclean hands defense as
insufficient.

Moreover, even assuming that Newborn's arguments regarding
the insufficiency of the unclean hands defense were both legally
correct and well-founded, the Court would still "decline[] to
exercise its [substantial] discretion to strike th[is] defense[]
'in the absence of a showing of prejudice to the moving party.'"
Hope Now, 2011 WL 883202, at *4 (citing Kramer, 757 F. Supp. at
409; 5C Charles Alan Wright & Arthur R. Miller, Federal Practice
and Procedure, § 1381)).   Where an affirmative defense will
"substantially complicate the discovery proceedings and the
issues at trial[,]" that defense prejudices the plaintiff
sufficiently enough to grant a Rule 12(f) motion to strike.   Cf.

22

<u>Louisiana Sulphur Carriers, Inc. v. Gulf Resources & Chemical Corp.</u>, 53 F.R.D. 458, 460 (D. Del. 1971).  Here, Newborn's sole argument regarding prejudice asserts that "[f]ailing to strike the [unclean hands] defense undoubtedly prejudices Newborn by devoting legal and financial resources to countering an affirmative defense that has no support in fact or law."  (Pl.'s Mem. 7-8.)

The Court finds Newborn's argument regarding prejudice unpersuasive in this instance.  As Albion points out in its sur-reply, Newborn "waited until just before the discovery end date to raise this motion" – at a time where "discovery on this issue [was] substantially complete."  (Albion's Sur-Reply Letter Br. [Doc. No. 47] 3.)  Moreover, Albion specifically represents that "the discovery related to Albion's affirmative defense has already been taken."  (<u>Id.</u>)  In considering whether Newborn has been prejudiced by the assertion of this defense, the Court finds that Newborn's significant delay in seeking to strike the unclean hands defense over a year after it was initially set forth in July of 2012 particularly curious.  While the delay alone is inadequate to deny the motion outright as untimely, a delay of over a year in seeking to strike this defense – a year which was spent conducting substantial discovery in this case, including discovery on the defense at issue – speaks volumes to

23

Newborn's motivation in seeking to strike this defense at this time.

If Newborn truly sought to strike this defense in order to avoid the prejudice concomitant with "devoting legal and financial resources [to] countering an affirmative defense that has no support in fact or law[,]" that assertions begs the question why Newborn willingly engaged in discovery for such a substantial period of time before actually moving to strike the unclean hands defense.  Moreover, Newborn moved to strike only after Albion sought and obtained leave to file an amended answer.  Had Albion not done so, Newborn would not have had a "second bite at the apple" to challenge the sufficiency of the unclean hands defense pled in the original answer.

As the Court observed supra, Newborn could have, but opted not to, file the motion to strike at the time the unclean hands defense was first asserted by Albion.  The delay in bringing this motion indicates to the Court that the motion may have been brought as part of a litigation strategy after discovery on this defense revealed facts, which as Albion suggests, are unfavorable to Newborn's position in this litigation.  To be clear, the Court has not made any finding in this regard and nothing in this opinion should be construed to imply an improper motive on Newborn's part in filing the motion to strike. Rather, the Court simply finds the circumstances set forth above

negate any argument by Newborn that it is prejudiced by permitting the unclean hands defense to remain in the case at this time after so much time has passed and where discovery is substantially complete.  Accordingly, the Court must conclude that this self-imposed delay by Newborn and the absence of any true prejudice further weigh against granting the motion to strike.  This is particularly true in light of the consistent practice in this district where motions to strike are viewed with disfavor and are generally denied unless the insufficiency of the defense is clearly apparent.[10]  If Albion's affirmative defense of unclean hands has, as Newborn contends, no support in fact or law[]" then it has other remedies under the rules of civil procedure to challenge this defense at the appropriate stage of this litigation.

---

[10]     To the extent the parties submitted materials outside the pleadings for consideration by the Court, the Court did not rely on these materials in deciding the present motion.  See Kramer, 757 F. Supp. at 409 (observing that "[m]atter outside the pleadings normally is not considered on a Rule 12(f) motion.") (citing 5A Wright & Miller, Federal Practice and Procedure, § 1380).

The Court also notes that because the parties submitted materials outside of the pleadings, including deposition transcripts and other exhibits designated as "Confidential" and "Attorneys' Eyes Only" pursuant to the terms of the parties' Discovery Confidentiality Order [Doc. No. 22], the parties have filed two motions to seal the relevant documents related to this motion.  These motions to seal will be addressed by separate Orders of the Court.

V.     **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to strike Defendant's unclean hands affirmative defense is denied.  An Order consistent with this Opinion will be entered.


Dated: March 27, 2014          s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.