UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

NEWBORN BROS. CO., INC.,

           Plaintiff,     Civil No. 12-2999 (NLH/KMW)

   v.

                                  **ORDER**

ALBION ENGINEERING CO.,

           Defendant.

_____

    THIS MATTER comes before the Court on the parties' omnibus Motion to Seal [Docket #175] various portions of documents and briefs filed in connection with the parties' Motions for Summary Judgment, and Albion's separate Motion to Seal portions of two documents filed in support of Albion's Motion to Strike Newborn's expert [Docket #152]; and

    WHEREAS in deciding whether to seal documents filed on the public docket, the Court considers "(a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available." L. Civ. R. 5.3(c)(2); and

    WHEREAS the papers in support of the motions state with particularity the nature of the materials sought to be sealed-- namely, confidential business information about Albion's business

1

strategy, process, pricing, marketing, and manufacturing; identities of its private label customers; vendors from which Albion purchases raw materials, troubleshooting, testing and inspection information, and discussions of internal systems and processes; and the specific and concrete harm that will result from public disclosure-- namely, providing an unfair competitive advantage to competitors; and

WHEREAS the Court finds that there is little legitimate public interest in the disclosure of the entire contents of the various materials at issue; and

WHEREAS however, the sealing analysis is materially different as to the Court's own opinions disposing of the Motions for Summary Judgment and the Motion to Strike Newborn's Expert, which discuss certain limited portions of the sealed documents; and

WHEREAS the Court holds that there is a strong public interest in the entirety of the Court's opinions being available to the public,[1] and that interest outweighs the parties' private interests in having the material referenced in the opinions sealed;

ACCORDINGLY, it is on this 20th day of December, 2016, **ORDERED**

---

[1] Indeed, if the Court were to seal the portions of its summary judgment opinion consistent with the extensive redactions the parties have made in their documents, the Court's falsity analysis of Newborn's Lanham Act claim would be rendered practically meaningless to the general public.

that:

(1) The Motions to Seal [Docket #152 & #175] shall be, and the same hereby are, **GRANTED;** and

(2) The Court's opinions on the Motions for Summary Judgment and the Motion to Strike Newborn's expert shall be, and the same hereby are, **FILED UNDER TEMPORARY SEAL**; and

(3) Counsel for the parties shall be, and the same hereby are directed to **MEET AND CONFER** concerning any proposed redactions of the Court's opinions in light of the discussion above, and then within 14 days of the date of this order, **JOINTLY INFORM** the Court by letter filed on the docket of any proposed redactions of the opinions; and

(4) If no letter is filed, the Court will unseal its opinions.

At Camden, New Jersey
\_\_ s/ Noel L. Hillman \_\_\_
NOEL L. HILLMAN, U.S.D.J.

3