UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEWBORN BROS., INC., <br><br> Plaintiff, <br><br> v. <br><br> ALBION ENGINEERING CO., <br><br> Defendant. | HONORABLE NOEL L. HILLMAN <br><br> CIVIL ACTION NO. 12-2999 <br><br> **OPINION** <br> **\*FILED UNDER TEMPORARY SEAL\*** |

**APPEARANCES:**

MADDEN & MADDEN, P.A.
By:  John-Paul Madden, Esq.
     Timothy R. Bieg, Esq.
108 Kings Highway East
Haddonfield, New Jersey 08033

    and

NEVILLE PETERSON LLP
By:  Michael K. Tomenga, Esq.
1400 16th Street, N.W., Suite 350
Washington, D.C. 20036
        Counsel for Plaintiff Newborn Bros., Inc.


ARCHER & GREINER, P.C.
By:  Kerri E. Chewning, Esq.
One Centennial Square
Haddonfield, New Jersey 08033

    and

CAESAR, RIVISE, BERNSTEIN, COHEN & POKOTILOW, LTD.
By:  Martin L. Faigus, Esq.
     Michael J. Berkowitz, Esq.
1635 Market Street, 11th Floor
Philadelphia, Pennsylvania 19103
        Counsel for Defendant Albion Engineering Co.

**HILLMAN**, United States District Judge:

This is an unfair competition suit pursuant to the Lanham Act, 11 U.S.C. § 1125(a), and New Jersey common law.[1] Plaintiff, Newborn Bros., Inc., a competitor of Defendant Albion Engineering Co., asserts that Albion falsely advertised its products as made in the U.S.A.

Presently before the Court is Albion's Motion to Strike the Expert Report and Testimony of Newborn's Expert, Robert Wallace.[2] For the reasons stated herein, the motion will be denied in part and dismissed without prejudice in part.

## I.

The facts relevant to the merits of this unfair competition suit are set forth in the Court's summary judgment opinion issued on even date herewith. This opinion assumes familiarity with that opinion.

Specifically relevant to the instant motion, Newborn's branding expert, Robert Wallace, opines as follows: (1) "'Made in USA' is a strong purchase incentive for a majority of product purchases," including professional hand tools; (2) consumers are

---

[1] The Complaint asserts only two counts: a Lanham Act violation and a common law unfair competition claim. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

[2] The parties' concurrently pending cross motions for summary judgment will be denied for the reasons set forth in a separate opinion issued on even date herewith.

2

willing to pay a price premium for "Made in USA" products, and with respect to dispensing guns that premium is 15%; (3) Albion's "'Made in America' origin claims could have directly impacted Newborn's sales."

## II.

Federal Rule of Evidence 702 governs the admissibility of expert testimony. Rule 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The three requirements outlined in Rule 702 are referred to as: qualification, reliability and fit. *Calhoun v. Yamaha Motor Corp., U.S.A.*, 350 F.3d 316, 321 (3d Cir. 2003) (citing *Schneider v. Fried*, 320 F.3d 396, 405 (3d Cir. 2003)). The Third Circuit has explained the three requirements as follows:

> First, the witness must be qualified to testify as an expert. Qualification requires that the witness possess specialized expertise. We have interpreted this requirement liberally, holding that a broad range of knowledge, skills, and training qualify an expert as such. Second, the testimony must be reliable. In other words, the expert's opinion must be based on the methods and procedures of science rather than on subjective belief or unsupported speculation; the expert must have good grounds for his or her belief. An assessment of the reliability of scientific evidence under Rule 702 requires a determination as to its scientific validity.

> Third, the expert testimony must fit, meaning the expert's testimony must be relevant for the purposes of the case and must assist the trier of fact.

*Id.* (internal quotations and citations omitted).

### III.

In support of the instant motion, Albion asserts no less than 20 separate arguments for why the expert opinion and testimony of Newborn's branding expert should be excluded altogether. The Court need not rule on each individual argument at this time. Rather, the Court addresses the arguments bearing on admissibility under Rule 702 and the relevant case law, leaving for a later time evidentiary rulings more appropriately addressed by way of a motion *in limine*.[3]

With respect to the Rule 702 issues, Albion challenges Mr. Wallace's report and testimony on all three requirements.

**A.   Qualification**

Albion argues that Wallace "lacks the appropriate formal training and education of an expert prepared to design, conduct,

---

[3] For example, Albion seeks to exclude all of Wallace's expert report and testimony because the report and testimony could mislead the jury.

Additionally, to the extent Albion argues that the sources Wallace relied upon are themselves inadmissible, the Court does not reach those issues either. Expert witnesses may rely upon inadmissible materials when formulating their opinion. *See generally* Fed. R. Evid. 703 ("If experts in a particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted.").

4

and analyze surveys." (Moving Brief, p. 24) This argument is based on the erroneous premise that Mr. Wallace is being offered as an expert in consumer surveys. He is not. Indeed, Wallace conducted no survey of his own for this case. He is offered as an expert witness on "brand identity." (Wallace Curriculum Vitae, p. 1) In that regard, he has more than 30 years of experience in marketing and branding consumer products, including professional tools. (Wallace Report, p. 2) Even more specifically, he has worked on brand communications which have added the "Made in the USA" claim. (Id.)

The Court holds that Wallace is qualified as a brand identity expert.

**B.   Reliability**

An expert witness's testimony is reliable if it is "based on the methods and procedures of science rather than on subjective belief or unsupported speculation." *Calhoun,* 350 F.3d at 321.

Albion argues that Wallace's opinion is unreliable because the third-party surveys supporting his opinion are unreliable insofar as they are outdated and poorly designed because, among other reasons, the survey respondents were not adequately representative of the relevant consumer group and the surveys lacked control groups and control questions.

Albion's arguments in this regard go to the weight of the evidence rather than its admissibility. Such issues may be

5

explored upon cross-examination of Wallace, and perhaps direct testimony of any expert Albion proffers.

The surveys are not so deficient as to amount to subjective belief or unsupported speculation.

**C.   Fit**

Expert testimony "fits" when it is "relevant for the purposes of the case and [] assist[s] the trier of fact." *Calhoun,* 350 F.3d at 321.

Albion argues that Wallace's opinion is not relevant because "the 1991 and 1995 FTC surveys relied on by Mr. Wallace do not address what purchasers of the products [at issue] in this case understand by the phrase 'Made in America.'" (Moving Brief. p. 9)

This argument fails because Wallace does not opine on the issue of customer deception.  Thus, this case is distinguishable from *Honeywell Int'l, Inc. v. ICM Controls Corp.*, 45 F. Supp. 3d 969 (D. Minn. 2014) upon which Albion relies.  In *Honeywell* the proffered expert did opine that consumers could find the phrase "Made in the USA" misleading. *Id.* at 990.

Wallace's opinion, at a minimum, is relevant to the issues of materiality, injury, and damages. *See generally* Opinion on the parties' cross motions for summary judgment.

**IV.**

For the reasons set forth above, Albion's Motion to Strike the Expert Report and Testimony of Newborn's Expert will be denied

6

in part and dismissed without prejudice in part.  An appropriate Order accompanies this Opinion.

Dated: December 20, 2016
At Camden, New Jersey                __s/ Noel L. Hillman____
                                     **Noel L. Hillman, U.S.D.J.**