## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

NEWBORN BROS. CO., INC.,

               Plaintiff,          Civil No. 12-2999 (NLH/KMW)

       v.                    **OPINION**

ALBION ENGINEERING COMPANY,

               Defendant.

---

**APPEARANCES:**

JOHN-PAUL MADDEN
TIMOTHY R. BIEG
MADDEN & MADDEN
108 KINGS HIGHWAY EAST, SUITE 200
P.O. BOX 210
HADDONFIELD, NJ 08033-0389

MICHAEL K. TOMENGA
JOHN M. PETERSON
NEVILLE PETERSON, LLP
1400 16TH STREET, N.W.
SUITE 350
WASHINGTON, DC 20036

     *Attorneys Plaintiff Newborn Bros. Co., Inc.*

KERRI E. CHEWNING
ARCHER & GREINER, PC
ONE CENTENNIAL SQUARE
PO BOX 3000
HADDONFIELD, NJ 08033-0968

MICHAEL J. BERKOWITZ
VOLPE AND KOENIG, P.C.
30 SOUTH 17TH STREET
18TH FLOOR
PHILADELPHIA, PA 19103

     *Attorneys for Defendant Albion Engineering Company.*

**HILLMAN**, District Judge

On August 25, 2020, this Court issued its Opinion on
liability and afforded the parties twenty days to advise the
Court as to how they wished to proceed regarding Defendant
Albion Engineering Company's ("Albion") affirmative defenses.
On September 30, 2020, Albion and Plaintiff Newborn Bros. Co.,
Inc. ("Newborn") both filed letters with the Court advising how
they would like to proceed.  In relation to affirmative
defenses, Albion addressed only two defenses: (1) unclean hands;
and (2) failure to state a claim.[1]  In Newborn's letter, Newborn
provided a discussion on why the following five affirmative
defenses asserted in Albion's Amended Answer fail: (1)
Plaintiff's Complaint fails to state a claim upon which relief
may be granted; (2) Plaintiff's Complaint is barred by laches,
estoppel and/or waiver; (3) Plaintiff's Complaint is time
barred; (4) Plaintiff is not entitled to any relief because of
unclean hands; and (5) Plaintiff lacks standing to bring this
suit with respect to products it manufactures abroad.  This
Court's Opinion is narrowed to a decision regarding Albion's

---

[1] Albion included a footnote explaining that it appeared its
Motion for Judgment as a Matter of Law (ECF No. 279) was not
formally decided by the Court and the Motion was instead
terminated when the parties entered mediation.  Albion notes
that "[t]he issues raised therein address some of these same
issues, which Albion submits remain ripe for determination."
(ECF No. 370 at 1 n.1.)   This Court will deny that Motion as
mooted in light of this Opinion and this Court's previous
Opinion dated August 25, 2020.

affirmative defenses.[2]

**DISCUSSION**

a.   **Affirmative Defenses Nos. 1 & 5: Failure to State a Claim and Lack of Standing[3]**

In its Opinion dated August 25, 2020, this Court concluded that Albion was liable for violations of the Lanham Act and the common law of New Jersey as to unfair competition.  <u>Newborn Bros. Co. v. Albion Eng'g Co.</u>, 481 F.Supp.3d 312 (D.N.J. 2020). This Court finds Albion's affirmative defenses for lack of standing and failure to state a claim are no longer viable in light of this Court's previous Opinion.  Accordingly, this Court will deny Albion's request to reopen the record and submit evidence and argument in open court regarding Albion's affirmative defense of failure to state a claim.

b.   **Affirmative Defenses Nos. 2 & 3: Laches and Statute of Limitations**

---

[2] In a Text Order issued on February 26, 2021, this Court explained it determined the only viable potential affirmative defense for which the record was incomplete was the defense of unclean hands.  This Court ultimately denied Newborn's request for the Court to reject this affirmative defense without a need for a further evidentiary hearing and granted Albion's request to present the evidence proffered in its Post-Trial Memorandum of Law dated September 30, 2020.  The Court explicitly narrowed this upcoming hearing to Albion's defense of unclean hands. (ECF No. 371.)

[3] In Albion's Post-Trial Memorandum of Law, Albion failed to address its previously plead affirmative defense for lack of standing, which suggests it is no longer pursuing this affirmative defense.  Nevertheless, the reasoning for rejecting this affirmative defense is the same reasoning that leads this Court to reject Albion's affirmative defense for failure to state a claim.  Accordingly, the Court addresses these affirmative defenses together.

This Court notes that Albion's Post-Trial Memorandum of Law regarding how it would like to proceed with its affirmative defenses failed to include any discussion regarding its previously plead laches and statute of limitations affirmative defenses.[4]  Newborn contends that the record is closed with respect to these two defenses and thus they are ripe for a determination of their applicability.  This Court has reviewed the proposed findings of fact and proposed conclusions of law, the parties' papers regarding Albion's Judgment as a Matter of Law relating to these two defenses, and relevant portions of the trial transcript and will deny Albion's laches and statute of limitations affirmative defenses.

"Because the Lanham Act does not include a specific statute of limitations, the Third Circuit has found that laches applies to bar stale claims."  Kaufhold v. Caiafa, 872 F. Supp. 2d 374, 379 (D.N.J. May 31, 2012)(quoting Santana Products, Inc. v. Bobrick Washroom Equip., Inc., 401 F.3d 123, 138 (3d Cir. 2005)).  "Laches is an affirmative defense that 'applies in those extraordinary cases where the plaintiff 'unreasonably

---

[4] Albion's Post-Trial Memorandum of Law also failed to mention its previously plead affirmative defenses for estoppel and waiver.  In addition, unlike the laches and statute of limitations definitions, Albion has failed to present any evidence in its proposed findings of fact and offered no proposed conclusions of law on estoppel and waiver. Accordingly, it seems Albion is no longer pursuing these defenses and thus the Court has concluded they are waived.

delays in filing a suit,' and, as a result, causes 'unjust
hardship' to the defendant.'" EP Henry Corp. v. Cambridge
Pavers, Inc., No. 17-1538, 2019 WL 6712341, at *4 (D.N.J. Dec.
10, 2019) (quoting Petrella v. Metro-Goldwyn-Mayer, Inc., 572
U.S. 663, 688 (Breyer, J., dissenting) (citations omitted)).
The Third Circuit has noted that "[i]t is hornbook law that
laches consists of two essential elements: (1) inexcusable delay
in instituting suit, and (2) prejudice resulting to the
defendant from such delay." Univ. of Pittsburgh v. Champion
Prods., 686 F.2d 1040, 1044 (3d Cir. 1982).

   "'Inexcusable delay' for purposes of laches is measured by
looking to 'the most analogous' state statute of limitations."
Kaufhold, 872 F. Supp. 2d at 379 (quoting Santana, 401 F.3d at
135).  "Claims under the Lanham Act are properly analogized to
New Jersey's six year fraud statute." Id. (citing Zinn v.
Seruga, No. 05-372, 2009 WL 3128353, at *24 (D.N.J. Sep. 28,
2009); N.J.S.A. § 2A:14-1).  "The statute of limitations begins
to run at the time 'the right to institute and maintain the suit
arises.'" New Reflections Plastic Surgery, LLC v. Reflections
Ctr. for Skin & Body, PC, No. 16-8523, 2018 WL 6716105, at *17
(D.N.J. Dec. 20, 2018) (quoting Beauty Time, Inc. v. VU Skin
Sys., 118 F.3d 140, 144 (3d Cir. 1997)).  "In other words,
'aggrieved parties must ... bring their claim within [the
applicable statute of limitations] when they learned or should
have learned, through the exercise of due diligence, that they

5

have a cause of action.'" Id. (quoting Beauty Time, Inc., 118
F.3d at 148). "The 'should have known' date, sometimes referred
to as the 'constructive notice' date, occurs when the plaintiff
receives some information that would cause a reasonable person
to inquire into the situation further." Id. (citing Symbol
Techs., Inc. v. Proxim Inc., No. 01-801, 2004 WL 1770290, at *3
(D. Del. July 28, 2004)).

"It is the law in this Circuit that, '[o]nce the statute of
limitations has expired, the defendant enjoys the benefit of a
presumption of inexcusable delay and prejudice.'" Kaufhold, 872
F. Supp. 2d at 379 (quoting Santana, 401 F.3d at 138-39). "When
this presumption applies, the burden shifts to the plaintiff to
prove that its delay in bringing the claim was excusable, and
that the delay did not prejudice the defendant." Id. (quoting
Santana, 401 F.3d at 138-39).

In order to determine which party bears the burden of
proving or disproving the laches defense in this case, the Court
must resolve whether Newborn knew or should have known about its
Lanham Act claim more than six years before Newborn filed this
action (i.e., before May 18, 2006), to which the Court concludes
in the negative. This Court agrees the statute of limitations
did not start to run until the spring of 2011 when Albert Lee
was contacted by Jackson Sung, the Taiwanese engineer who had
worked for Albion's Taiwan supplier Kent Bridge. As this Court
has previously explained, following this conversation with Mr.

Sung, Mr. Lee signed up for a service called "ImportGenius," which allowed him to locate and read U.S. Customs' records for imported products. Newborn Bros. Co., 481 F.Supp.3d at 323. As a result of this investigation, which was prompted by the contact with Mr. Sung, Mr. Lee learned that "Albion was importing a tremendous amount of goods from Taiwan, including Special Deluxe guns, Deluxe guns, Special Deluxe cartridge guns, accessories, spatulas, caulk knives, cones, nozzles, parts, barrels, handles, [and] rods" from Taiwan. Id. Accordingly, this Court concludes that the statute of limitations had not expired when Newborn filed its Complaint on May 18, 2012.

Having held that the burden remains with Albion, the next issue for the Court to address is whether Albion has adequately shown that Newborn's delay in filing this suit was both inexcusable and prejudicial to Albion. This Court concludes, Albion is unable to satisfy this burden because Mr. Sung's communication with Mr. Lee in the spring of 2011 is what started the running of the statute of limitations and ultimately prompted Mr. Lee's extensive investigation into determining the origin of Albion's products. As this Court has previously noted, this Court does not find Albion's focus on Mr. Lee and Newborn's knowledge regarding B-line products and how such products were produced overseas several years before 2012 persuasive enough to start the running of the statute of limitations. This Court has already concluded it will decline

"to penalize Lee and Newborn for conducting an investigation into the origin of Albion products, assessing its own market position, and consulting with the U.S. Customs and Border Patrol Agency before filing this suit." Newborn Bros. Co., 481 F.Supp.3d at 362. Therefore, for the reasons expressed above, the Court holds Albion has not satisfied the first element of the laches defense. The Court need not address the second element – prejudice — since both elements are required to successfully claim the affirmative defense of laches. Accordingly, this Court will DENY Albion's laches and statute of limitations defenses.

## CONCLUSION

For the reasons stated above, the Court will deny Albion's request to reopen the record and submit evidence and argument in open court regarding Albion's affirmative defense of failure to state a claim and deny Albion's laches, statute of limitations, waiver, estoppel, failure to state a claim, and lack of standing affirmative defenses.


Date: April 1, 2021                    s/ Noel L. Hillman
At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.