## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NEWBORN BROS. CO., INC.,** | **Case No. 12–02999-ESK-AMD** |
| **Plaintiff,** | |
| v. | **OPINION** |
| **ALBION ENGINEERING COMPANY** | |
| **Defendant.** | |

**KIEL, U.S.D.J.**

     **THIS MATTER** is before the Court on defendant Albion Engineering Company's motion to stay injunctive relief pending appeal (Motion).  (ECF No. 469.)   Plaintiff Newborn Bros. Co., Inc. has filed an opposition (ECF No. 474) to which defendant has replied (ECF No. 476).   For following reasons, defendant's Motion is DENIED.

### I.   FACTS AND PROCEDURAL HISTORY

     Plaintiff filed this action in May 2012 alleging violations of the Lanham Act, 15 U.S.C. § 1125(a), and unfair competition relating to false statements, misrepresentations, and material omissions concerning the geographic origin of defendant's merchandise.   (ECF No. 1.)   Judge Noel L. Hillman (Ret.) held a bench trial on various dates from June 2017 to September 2017 and thereafter issued a corresponding opinion and order.   (ECF Nos. 363, 364.)   Relevant to the instant Motion, Judge Hillman concluded that plaintiff "established that it [wa]s entitled to both injunctive and monetary relief."   (ECF No. 363 p. 102.) The parties were provided an opportunity to advise how they wished to proceed with defendant's affirmative defenses (*id.* p. 108, ECF No. 364) and Judge Hillman held a three-day bench trial in July 2021 on defendant's unclean-hands defense.   Judge Hillman, in a subsequent opinion, set an unclean-hands bar

date of February 7, 2007—the date of a declaration signed as part of plaintiff's trademark renewal application—before which any relief plaintiff was previously found to have been entitled to would not be provided.   (ECF No. 410 p. 13.)

Judge Hillman held three days of evidentiary hearings on the issue of permanent injunctive relief in November and December 2023 and a four-day bench trial on the issue of disgorgement in December 2023.   In a February 29, 2024 opinion and order, plaintiff was granted both permanent injunctive relief and disgorgement of defendant's profits.[1]   (ECF Nos. 457, 458.)   At issue in the present Motion is the injunctive relief provided, which ordered

> [T]hat within ninety days of this order, [defendant] shall mail a letter and a copy of this order to each distributor it has sold a caulking gun to within the past five years, with the letter stating that it is acting pursuant to this Court's order; requesting the return to [defendant] of any samples, displays, other materials referencing "Phila. PA." or referring to [defendant] caulking guns as being "Made in USA," and any physical B-Line guns, whether operative or not, which contain labeling describing Albion as an American manufacturer; and offering to replace such materials at its cost; and . . .

> that each letter shall further be accompanied by notices—printed on durable cardboard or plastic and sized at least eight inches by ten inches—in sufficient quantity to be placed at each location Albion products are displayed at the distributor, and which shall read:

> > NOTICE REGARDING COUNTRY OF ORIGIN OF [Defendant] CAULKING GUN PRODUCTS
> > A judge of the United States District Court for the District of New Jersey has ruled that [defendant] has previously misrepresented that certain products were "Made in USA," through product mismarking and statements in advertising, promotional materials, websites, and to

---

[1] Plaintiff and defendant have also, respectively, filed a motion for reconsideration and motion to correct (ECF Nos. 459, 466) relating to the disgorgement sum.   Those motions will be addressed in a forthcoming opinion.

customers. Newborn Brothers Co. Inc. v. Albion Engineering Co., No. 12–Civ–2999 (NLH). The Court has ordered Albion to comply with all applicable country-of-origin marking and disclosure requirements. The Court has ordered Albion to provide to its distributors copies of this notice so that they may be displayed at all distributor sales locations [; and] …

that within 120 days of this order, Albion shall file on the docket a list of distributors to whom letters, orders, and notices were sent; the dates they were sent; and the number of notices sent to each distributor; and …

that, until such time that [defendant] seeks and receives confirmation from United States Customs and Border Protection [(Customs)] as to the marking requirements of its specific manufacturing processes, the packaging of each [defendant] caulking gun with any foreign component shall list each component of the caulking gun and its country of origin ….

(ECF No. 458 pp. 1–3.)

Defendant filed a notice of appeal on March 25, 2024 (ECF No. 463) and the instant Motion on April 24, 2024 (ECF No. 469). Plaintiff filed an opposition to the Motion (ECF No. 474) to which defendant replied (ECF No. 476).

## II.   MOTIONS TO STAY AN INJUNCTION PENDING APPEAL

While an appeal is pending from an interlocutory order or final judgment that grants an injunction, a "court may suspend … an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d).[2]   Rule 62(d), in conjunction with Federal Rule of Appellate Procedure 8,

---

[2] Defendant brings its Motion under Rule 62(c). However, based on the relief sought and language cited, the Motion will be evaluated pursuant to Rule 62(d), which is where Rule 62(c) was relocated following Rule 62's reorganization in 2018. *See* 16A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3954 (5th ed. 2023).

provides that the Motion is properly before the Court despite the pending appeal. *See Sunbelt Rentals, Inc. v. Love*, Case No. 20–17611, 2021 WL 2349855, at *1 (D.N.J. June 9, 2021); *see also* Fed. R. App. P. 8(a)(1)(C) ("A party must ordinarily move first in the district court for … an order suspending, modifying, restoring, or granting an injunction while an appeal is pending.").

The standard for staying an injunction pending an appeal consists of the same elements as those required for a preliminary injunction; the movant must show "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Alpha Painting & Constr. Co., Inc. v. Del. River Port Auth. of Pa. and N.J.*, Case No. 16–05141, 2016 WL 9281362, at *1 (D.N.J. Nov. 2, 2016) (quoting *Conestoga Wood Specialties Corp. v. Sec'y of U.S. Dep't of Health and Human Servs.*, Case No. 13–01144, 2013 WL 1277419, at *1 (3d Cir. 2013)).   The first two prongs "are the most critical." *Sunbelt Rentals, Inc.*, 2021 WL 2349855, at *2 (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). The party seeking the stay bears the burden of demonstrating that a stay is warranted under the circumstances. *Id.* at *1.   "A stay pending appeal is an extraordinary remedy" and is "'rarely granted,' because in the Third Circuit 'the bar is set particularly high.'" *Alpha Painting & Constr. Co., Inc.*, 2016 WL 9281362, at *1, 2 (quoting *Conestoga Wood Specialties Corp.*, 2013 WL 1277419, at *1).

### III.  DISCUSSION

#### A.   Party Arguments

Defendant contends that it is likely to be successful in challenging the allegedly overly broad and unjustified scope of Judge Hillman's injunction and that, absent a stay to preserves the *status quo*, it will be irreparably harmed as plaintiff targets its customers.   (ECF 469–3 p.13.)   Defendant submits that

4

the purported errors that will shape its appeal span back many years (*id.* p. 17) but its focus for the present Motion and its likelihood of success centers on three general arguments.   First, defendant argues that the evidence presented and relied upon by Judge Hillman did not demonstrate that any customer purchased one product over another due to a misrepresentation of country of origin, was insufficient to support injunctive relief—which itself is overly broad, and was tainted by the nondisclosure of plaintiff—who failed to provide relevant photos to defendant.   (*Id.* pp. 18–25.)   Second, the injunctive relief requiring listing product components by country of origin until a Customs ruling is obtained was not supported by a finding that current practices violate the Lanham Act, extends to products already marked as Made in Taiwan, combined two distinct issues—current labeling and the presence of legacy products in the market, and goes beyond what Customs itself requires, according to defendant. (*Id.* pp. 25–30.)   Finally, defendant asserts that the injunction fails to account for plaintiff's own unclean hands.   (*Id.* pp. 30–32.)

Defendant claims that it will be irreparably harmed if a stay is not granted, in part, because it will be forced to either comply with the injunction and moot its appeal or violate the injunction and be held in contempt.   (*Id.* pp. 33, 34.)   There is limited curative benefit to the injunction's notice requirement, according to defendant, while its effect is punitive by damaging defendant's reputation and providing plaintiff with an economic advantage. (*Id.* pp. 34–36.)   This punitive effect is amplified by plaintiff's conduct, including notifying large customers of defendant of the order and placing a copy of the opinion and order with editorial comments on its website.   (*Id.* pp. 37, 38.)   Finally, defendant points to plaintiff's failure to ever seek a preliminary injunction or seek expedited relief following Judge Hillman's liability opinion as evidence that it would not be harmed by a stay and contends that the public interest would be served by maintenance of the *status quo*, a litigant not being

forced to choose between preserving its appeal and contempt, and proper enforcement of the Lanham Act.  (*Id.* pp. 38, 39.)

Plaintiff responds that defendant has failed to demonstrate a likelihood of success on the merits as defendant was provided an opportunity to support its unclean-hands defense and Judge Hillman's ruling expressly considered the state of the market and defendant's corrective efforts and fashioned an injunction intended to address continued confusion.  (ECF 474 pp. 16–18.) Plaintiff disputes that defendant's appeal would be mooted by compliance with the injunction and further asserts that any reputational damage defendant faces is self-inflicted and could have been avoided by pre-injunction corrective action.  (*Id.* pp. 18–21.)  Lastly, plaintiff states that it continues to suffer because violative conduct, as recognized by Judge Hillman, remains ongoing and the public interest is benefited by eliminating market confusion.  (*Id.* pp. 21–23.)

## B.   <u>Rule 62(d) Applied</u>

The Court begins with defendant's likelihood of success on the merits.   It is reminded while doing so that, while the stay analysis is essentially that of a preliminary injunction, "[a]s compared to the party seeking an injunction, 'an applicant seeking a stay has, relatively speaking, more difficulty establishing the first factor, likelihood of success on the merits, due to the difference in procedural posture.'"   *See Newspaper, Newsprint, Magazine and Film Delivery Drivers, Helpers, and Handlers, Int'l Brotherhood of Teamsters, Local Union No. 211 v. PG Publ'g Co., Inc.*, Case No. 19–01472, 2019 WL 9101872, at *3 (W.D. Pa. Dec. 27, 2019) (quoting *Dehainaut v. Cal. Univ. of Pa.*, Case No. 10–00899, 2011 WL 3810132, at *2 (W.D. Pa. Aug. 29, 2011)); *see also Cipla Ltd. v. Amgen Inc.*, Case No. 19–00044, 2019 WL 2053055, at *1 (D. Del. May 9, 2019) ("A 'strong showing' of likelihood of success is required to prevail on a Rule 62(d) motion." (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987))).

Here, as argued by plaintiff, at least some of defendant's contentions mirror those that have been previously raised.   Defendant specifically argued in its post-trial proposed conclusions of law that its current practices did not warrant an injunction and that plaintiff's unclean hands and nondisclosure rendered injunctive relief inappropriate.   (ECF No. 455–1 ¶¶ 1–19, 32–60.) Such arguments were referenced in the injunction opinion.   (ECF No. 457 pp. 14 n. 3, 36.)   Therefore, to the extent that defendant repeats here that the issuance of an injunction was not supported by evidence of its current practices and failed to account for plaintiff's unclean hands, such arguments do not meet defendant's burden of demonstrating a likelihood of success on the merits.   *See Cottillion v. United Refining Co.*, Case No. 09–0140E, 2014 WL 7344005, at *3 (W.D. Pa. Dec. 23, 2014) (concluding that the defendants' reliance on the same arguments that were rejected at summary judgment did not meet the burden of the analysis's first prong); *Muniauction, Inc. v. Thomson Corp.*, Case No. 01– 01003, 2007 WL 2406950, at *1 (W.D. Pa. Aug. 21, 2007) ("Defendants' position becomes no stronger through repetition.").

Nonetheless, even though injunctions are generally a matter of judicial discretion, underlying legal conclusions are reviewed *de novo*. *McNeil Nutritionals, LLC v. Heartland Sweeteners, LLC*, 511 F.3d 350, 357 (3d Cir. 2007).   In so far as defendant challenges legal conclusions, such as whether its conduct constituted a Lanham Act violation, the possibility exists that the Third Circuit will disagree with those conclusions.   *See Butamax Advanced Biofuels LLC v. Gevo, Inc.*, No. 11–00054, 2012 WL 2675232, at *2 (D. Del. July 6, 2012) (acknowledging that the Federal Circuit could disagree with its construction of claim limitations subject to *de novo* review).

Further relevant to my analysis are the unique circumstances of this case. *See Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, Case No. 01–00485, 2010 WL 817519, at *6 (M.D. Pa. Mar. 9, 2010) (citing the "unusual circumstances"

of a *res judicata* argument and the court being first made aware of potential conflicting judgments on the eve of trial as support for a stay).   Trial proceeded in three stages over the course of over six years and defendant's challenges span this litigation.   Directing defendant to obtain a ruling from Customs appears to have been based on the conclusion that defendant's 2012 Customs ruling, referenced by defendant in its post-trial briefing and again in the briefing for this Motion, was not "specific to [defendant's] practices."   (ECF No. 457 p.39 (quoting (ECF 455–1 ¶57)).   While that directive may ultimately be upheld, the parties have not cited, and I have not found, examples of similar injunctive relief.   Finally, unique to this particular Motion, the judge who has issued the underlying injunction is not the same judge who is ruling on the Rule 62(d) Motion.

I therefore find that defendant has demonstrated some likelihood of success on the merits.   However, even if I were to find that this likelihood is moderate, I conclude that the Motion must fail due to defendant's failure to satisfy the second prong of the analysis—irreparable harm.

Irreparable harm requires that the injury be actual and imminent, more likely to occur than not, and incapable of being prevented or fully rectified on appeal.   *See Cnty. of Butler v. Wolf*, Case No. 20–00677, 2020 WL 5647480, at *4 (W.D. Pa. Sept. 22, 2020) (citing *Revel AC, Inc. v. IDEA Boardwalk LLC*, 802 F.3d 558, 568, 571 (3d Cir. 2015)).   Defendant premises irreparable harm, in part, on the "Hobson's choice" it purportedly faces—comply with the injunction and or defy it and face contempt.   (ECF No. 469–3 pp.32–34.)   "Compliance with an injunction can moot an appeal if there is no 'reasonable expectation' that the injunction will govern the enjoined party's future conduct or otherwise injure him."   *TD Bank N.A. v. Hill*, 928 F.3d 259, 268 (3d Cir. 2019) (quoting *Bell v. Wolfish*, 441 U.S. 520, 543 n.25 (1979)).

As an initial matter, the possibility of mooting an appeal does not necessarily equate to irreparable harm. *See Hay Group, Inc. v. E.B.S. Acquisition Corp.*, Case Nos. 02–00252 & 02–00253, 2003 WL 21293861, at *4 (E.D. Pa. Mar. 4, 2003) (applying a Rule 62 analysis to an order to produce documents). Further, defendant merely cites the general proposition that compliance with an injunction may moot an appeal without explaining how its particular appeal would be mooted by compliance with this particular injunction, which places continuing requirements on defendant. Such mootness is not demonstrated here and will not be presumed as a certainty. *Hayden v. Freightcar Am., Inc.*, Case No. 07–00201, 2008 WL 400696, at *3 (W.D. Pa. Feb. 11, 2008) (concluding that the defendant's appeal would not be mooted absent a stay because the entire class would not have received relief with a denial of the stay).

Defendant further contends that the injunction is punitive and has and will continue to damage the goodwill defendant has cultivated over decades. (ECF No. 469–3 pp. 34–38.) At least some of this damage is attributed—not to the injunction itself—but rather plaintiff's subsequent actions such as targeting defendant's customers. In so far as plaintiff has provided defendant's customers with copies of the injunction order, it is not clear that "receiv[ing] inquiries from its customers regarding the Injunction Order" and "address[ing] the questions and concerns of [defendant's] largest and longest standing customers regarding the Opinion and Order" (ECF 469–4 ¶¶ 7, 14–17) constitute irreparable harm to defendant or may even be mitigated by issuance of a stay. Defendant does not provide any detail as to the nature of these inquiries and the argument is untethered to the scope of even issuance of the injunction. Presumably any finding against defendant could have been used as fodder to target its customers. If defendant believes that it is being misrepresented by plaintiff, its recourse is in tort, not a stay.

Defendant's arguments citing Judge Hillman's concerns about the passage of time and "trumpeting" defendant's loss at trial and the purported economic advantage provided to plaintiff by "not tell[ing] the consuming public that the violations are not current" (ECF No. 469–3 pp. 35, 36) are also unpersuasive. The quoted passage is from a status conference (ECF No. 422) that predated the trial and presentation of evidence relied upon in issuing the injunction. Further, the injunction's notice expressly states "that [defendant] has previously misrepresented that certain products were 'Made in USA,'" directly rebutting defendant's argument.   (ECF No. 458 p. 2.)

In sum, I conclude that defendant has failed to demonstrate that it faces irreparable harm to its goodwill absent a stay. *CNB Fin. Corp. v. CNB Cmty. Bank (IO)*, Case No. 03–6945, 2004 WL 2414842, at *2 (E.D. Pa. Oct. 26, 2004) (finding that "injury to goodwill alone does not pass muster as irreparable harm" and that the defendant's potential name change could be achieved without irreparable harm); *see also Sanofi-Aventis U.S. LLC v. Sandoz, Inc.*, No. 07–02762, 2009 WL 1968900, at *3 (D.N.J. July 1, 2009) (concluding that the plaintiffs' potential lost market share and revenue were largely speculative and not irreparable); *Feesers, Inc. v. Michael Foods, Inc.*, Case No. 04–00576, 2009 WL 1684650, at *1 (M.D. Pa. June 16, 2009) (reasoning that any harm to the defendant's reputation was attributable to its own conduct as opposed to the resulting injunction).

Because I conclude that defendant has not satisfied both of the first two prongs of the stay analysis, I need not consider the third and fourth prongs. *See Sunbelt Rentals, Inc.*, 2021 WL 2349855, at *6 (citing *Revel AC, Inc.*, 802 F.3d at 571).   I note only that consideration of defendant's arguments that plaintiff has targeted its customers and long failed to seek preliminary injunctive relief would not have shifted the balance.   Plaintiff's actions, as stated above, are not tethered to the injunction itself and plaintiff's failure to

move for preliminary relief is not determinative.  *See Muniauction, Inc.*, 2007 WL 2406950, at *1 (rejecting the defendants' argument that plaintiff would not be harmed by a stay because it had not sought injunctive relief until five years after filing the action).

## IV.  CONCLUSION

For the reasons set forth above, defendant's Motion (ECF No. 469) is DENIED.   An appropriate order accompanies this opinion.


                                     */s/ Edward S. Kiel*
                                     EDWARD S. KIEL
                                     UNITED STATES DISTRICT JUDGE

Dated:  May 28, 2024